**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Case No. 23-cr-00079-NYW-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      ASPEN FINNIE,

      Defendant.

---

### ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION

---

This matter is before the Court on the Motion for Early Termination of Probation (or "Motion") filed by Defendant Aspen Finnie ("Ms. Finnie"). [Doc. 52]. For the reasons set forth in this Order, the Motion for Early Termination of Probation is respectfully **DENIED without prejudice**.

### BACKGROUND

On January 31, 2024, Ms. Finnie pleaded guilty to making false statements during the purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A). [Doc. 29]. This Court sentenced Ms. Finnie on May 8, 2024, to a four-year term of probation. [Doc. 48].

Ms. Finnie has served approximately half of her probation term, and she now asks the Court to terminate the remainder of her probationary sentence. *See* [Doc. 52]. The Government has filed a response in opposition to early termination, *see generally* [Doc. 54], and the United States Probation Office agrees with the Government and does not support Ms. Finnie's motion for early termination, *see* [Doc. 55]. Ms. Finnie did not file a reply brief, and the time to do so has expired.

**LEGAL STANDARD**

By statute, a court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  In so doing, the trial court must "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.*  Stated differently, a court may terminate a probationer's term early "*only if* the following three requirements are met:  (1) early termination is warranted by 'the interest of justice;' (2) early termination is warranted by 'the conduct of the defendant;' *and* (3) early termination would be consistent with the applicable § 3553(a) factors."  *United States v. Rader*, No. 22-cr-00057-RCL, 2024 WL 474535, at *2 (D.D.C. Feb. 7, 2024) (emphasis added); *see also United States v. Haley*, 500 F. Supp. 3d 6, 7 (W.D.N.Y. 2020) ("[P]ursuant to the express terms of § 3564(c), . . . the applicable factors set forth at 18 U.S.C. § 3553(a) *must* be considered, *and* the court *must* be satisfied that the early termination of probation 'is warranted by the conduct of the defendant and the interest of justice.'" (quoting 18 U.S.C. § 3564(c)) (emphasis added)).

Under § 3553(a), a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, considering the following factors, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[and]

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission . . . subject to any amendments made to such guidelines by act of Congress . . .; and

(ii) that . . . are in effect on the date the defendant is sentenced[.]

18 U.S.C. § 3553(a). Whether to grant a motion to terminate probation is within the trial court's discretion. *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022).

## ANALYSIS

Ms. Finnie has completed a bit over half of her four-year probationary sentence and now asks the Court to terminate the remainder of the sentence. [Doc. 52 at 1]. In her brief Motion, Ms. Finnie represents that she has satisfied all 18 U.S.C. § 3564(c) factors. [*Id.*]. Ms. Finnie mentions that "she is in school, working part time at Bath and Body Works," and has obtained her commercial driver's license. [*Id.*]. She does not, however, provide a meaningful discussion of the factors under § 3564(c) or § 3553(a) and instead addresses them only in a conclusory manner. See generally [*id.*].

The Government opposes early termination. *See* [Doc. 54]. It argues that while the Government "understands that the defendant has been compliant" on probation, she "still has some difficulties with stable employment" and that compliance with the terms of

probation is not enough to justify early termination.  [*Id*. at 2].  The Probation Office agrees with the Government and does not support early termination.  *See* [Doc. 55].  The Probation Office explains that in September 2024, Ms. Finnie was in an accident that resulted in substantial injuries and affected her ability to maintain employment, which puts her "at risk of reoffending and it affects her ability to lawfully self-mange beyond a period of supervision."  [*Id*. at 2].

As explained above, to justify terminating a probationary sentence early, the Court must find that early termination is (1) in the interest of justice; (2) warranted by Ms. Finnie's conduct; and (3) consistent with the applicable § 3553(a) factors.  *Rader*, 2024 WL 474535, at *2.

Considering first Ms. Finnie's conduct, the Court notes that Ms. Finnie has been compliant with all the conditions of her probation, and the Court commends her for her compliance.  However, compliance with conditions of probation is an insufficient basis to terminate that probation.  "[C]ourts have typically held that defendants seeking early termination under § 3564(c) must demonstrate more than just compliance with the terms of probation."  *United States v. Hemphill*, No. 21-cr-00555-RCL, 2024 WL 578977, at *2 (D.D.C. Feb. 13, 2024) (collecting cases).  Accordingly, although the Court applauds Ms. Finnie for her compliance with her conditions and her actions to improve her career opportunities over the past two years, the Court cannot conclude that her conduct weighs strongly in favor of early termination.

The Court next considers whether early termination is in the interest of justice. "The 'interest of justice' phrase . . . 'give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate

4

the supervised release period,' . . . or in this case, probation period." *Hemphill*, 2024 WL 578977, at *4 (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). Ms. Finnie states that while the accident she was in resulted in serious injuries, "she was able to recover from [the] set back and get back on her feet," demonstrating her resilience. [Doc. 52 at 1–2]. Beyond noting that she has worked to overcome the setbacks resulting from injuries that occurred during the accident, Ms. Finnie does not elaborate more on why her particular circumstances warrant early termination or why the interests of justice favor such relief. [*Id.*].

While the Court does not diminish her resilient efforts, it also notes the Probation Office's concern about Ms. Finnie's ability to maintain her employment. [Doc. 55 at 2]. The Court gives weight to the Probation Office's assessment, as it is "in the best position to assess [Ms. Finnie's] adjustment to supervision to date, [her] potential for recidivism, and the need (or lack thereof) for continued supervision." *United States v. Nelson*, No. 17-cr-00424-PKC, 2022 WL 125814, at *2 (E.D.N.Y. Jan. 13, 2022). The Probation Office represents that "[a]lthough the defendant has made progressive strides on supervision, her instability with employment places her at risk of reoffending and affects her ability to lawfully self-manage beyond a period of supervision." [Doc. 55 at 2]. It also notes that "[i]f she can maintain stable employment and income for the next 6 months, then probation would reconsider its position." [*Id.*]. The Court recognizes both the Probation Office's concerns as well as its willingness to revisit its position should additional time demonstrate that reconsideration is warranted.

It is also material to this Court's analysis that Ms. Finnie is not serving a period of supervised release after a period of incarceration—the four-year term of probation *is* her

sentence.  *See Hartley*, 34 F.4th at 923 n.1 ("Unlike supervised release, which is imposed in addition to imprisonment, probation is imposed in lieu of imprisonment." (quotation omitted)).  Here, while Ms. Finnie was only convicted of a single instance of providing false information in conjunction with the purchase of a firearm, relevant facts demonstrate that she had, in fact, made multiple purchases for multiple people.  [Doc. 45 at ¶¶ 13–19].  In addition, she faced an advisory guideline sentence of 24–30 months incarceration, [Doc. 45-1 at 1], and the Government advocated for a term of incarceration of one year and one day, [Doc. 41].  In this circumstance, "[t]he interest of justice might arguably *disfavor* early termination, because that would result in the defendant ultimately receiving an amount of punishment less than what this Court initially found appropriate under the § 3553(a) factors."  *Hemphill*, 2024 WL 578977, at *4.

Finally, the Court turns to the applicable § 3553(a) factors.  Ms. Finnie does not expressly invoke any of the § 3553(a) factors.  *See generally* [Doc. 52].  To the extent that her discussion of compliance with the terms of probation may be construed as addressing certain considerations, such as her history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the Court nevertheless lacks sufficient information to meaningfully evaluate those factors or determine whether they weigh in favor of early termination since there was no argument made on her behalf.[1]

For all of these reasons, the Court respectfully concludes that early termination of Ms. Finnie's probation is not warranted at this time.  The Motion for Early Termination of

---

[1] Ms. Finnie is represented by able counsel, and it would be inappropriate for the Court to make arguments on any party's behalf.  *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for [her]self"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants).

Probation is respectfully **DENIED without prejudice**.  Should Ms. Finnie successfully complete a greater portion of her sentence, she may file a renewed motion explaining why early termination is appropriate at that time.

**CONCLUSION**

For these reasons, it is **ORDERED** that:

(1)    The Motion for Early Termination of Probation [Doc. 52] is **DENIED without prejudice**.


DATED:  August 3, 2026                    BY THE COURT:

Nina Y. Wang
United States District Judge